UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 25-39-DLB

RICHARD ARTHUR ORR                                        PETITIONER

VS.                  **MEMORANDUM OPINION AND ORDER**

CHRISTOPHER ENTZEL, WARDEN                    RESPONDENT

\*\*\* \*\*\* \*\*\* \*\*\*

Richard Arthur Orr is an inmate at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without a lawyer, Orr filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he claims that the Federal Bureau of Prisons ("BOP") is failing to award him certain time credits he has earned pursuant to the First Step Act and Second Chance Act. (Doc. # 1). The United States Attorney's Office for the Eastern District of Kentucky entered an appearance on behalf of the Respondent and filed a response in opposition to Orr's petition. (Doc. # 9). Orr then filed a reply brief in support of his request for relief. (Doc. # 11). Thus, this matter is ripe for a decision.

The Court has fully reviewed the parties' submissions and will deny Orr's petition because he has not demonstrated that the BOP's time credit calculations are incorrect. In its response brief, the U.S. Attorney's Office discussed the relevant provisions of the First Step Act and Second Chance Act and recognized that Orr's original release date was July 1, 2028. (*See* Doc. # 9 at 1-3). The U.S. Attorney's Office then explained:

> As of May 5, 2025, Orr has earned 1,110 total [time credits]. The BOP applied, and Orr will receive, the statutory maximum of 365 days of credits

1

> toward early transfer to supervised release, resulting in a projected release date of July 2, 2027, via First Step Act release, rather than his Final Statutory Release date of July 1, 2028.  Orr's remaining 745 days of [time credits] could be applied toward prerelease custody, that is, [Residential Reentry Center] placement or home confinement.

(*Id.* at 3 (citations omitted)).  The U.S. Attorney's Office noted that these calculations resulted in a "[First Step Act] Conditional Placement Date of June 17, 2025," which is a "'best-case scenario' utilized for planning pre-release."  (*Id.* at 3, n. 2).  That said, the U.S. Attorney's Office explained that this conditional placement date of June 17, 2025, was simply a planning tool and not a guaranteed date; indeed, the U.S. Attorney's Office emphasizes that the date Orr is actually transferred to prerelease custody depends on multiple factors, including, but not limited to, community resources.  (*See id.* at 3).  The U.S. Attorney's Office then explained that, ultimately, the BOP's "Residential Reentry Management Office has scheduled Orr to transfer to prerelease custody at a[ ] [Residential Reentry Center] or halfway house on October 16, 2025."  (*Id.*).

While Orr insists that he should have already been transferred to prerelease custody, he has not demonstrated how the BOP's calculations are incorrect or otherwise inconsistent with applicable law.  As other federal courts have recognized, "the First Step Act did not change that the BOP—not the Court—has the authority to make determinations related to prerelease custody."  *United States v. Pulido*, No. 19-cr-20615, 2022 WL 3005984, at *1 (E.D. Mich. July 28, 2022) (citing *United States v. Parks*, No. 1:17-cr-137, 2019 WL 5085968, at *2 (N.D. Ohio Oct. 10, 2019)).  Similarly, "the First Step Act did not alter the fact that the Second Chance Act does not guarantee residential re-entry center placement or home confinement, it only directs the Director of the Bureau of Prisons to consider it."  *United States v. Burkhart*, No. 6:03-cr-036-DCR, 2019 WL

2

615354, at *2 (E.D. Ky. Feb. 13, 2019) (citing *Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009)).  Here, the BOP has calculated Orr's time credits and exercised its discretion to schedule a date for Orr's transfer to prerelease custody.  Since Orr has not established any legal error with respect to the BOP's decisions, his habeas petition is unavailing.

Accordingly, it is **ORDERED** as follows:

(1) Orr's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED**;

(2) This matter is **DISMISSED** and **STRICKEN** from the docket; and

(3) The Court will enter a corresponding Judgment.

This 21st day of July, 2025.

Signed By:
David L. Bunning
Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\PSO Orders\Orr 0-25-039 Memorandum.docx